**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Charlotte Kelley**
Assistant U.S. Attorney
Charlotte.Kelley@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 9, 2026

Robert Hamilton
Federal Public Defender's Office
101 SW Main, Suite 1700
Portland, OR 97204

> Re:   *United States v. Carlos Javier Calvillo*, Case No. 3:25-cr-509-IM
>       Plea Agreement Letter

Dear Counsel:

1.   **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**:  Defendant agrees to plead guilty to Count One of the Indictment, which charges Possession with the Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

3.   **Penalties**:  Count One carries a maximum sentence of life imprisonment, a fine of $10,000,000, a minimum of 5 years of supervised release, and a $100 fee assessment.  This charge has a mandatory minimum sentence of 10 years of imprisonment. Defendant agrees to pay the fee assessment by the date of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.  Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Defendant understands that if defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

Robert Hamilton
Re: Calvillo Plea Agreement Letter
Page 2
January 7, 2026

4.    **Dismissal/No Prosecution**: There are no charges to be dismissed. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**:   In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, on or about November 13, 2025, in the District of Oregon, defendant knowingly possessed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

Second, defendant possessed it with the intent to distribute it to another person.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime(s) to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea(s). The following facts are true and undisputed:

In fall 2025, the Federal Bureau of Investigation (FBI) began conducting an investigation into a drug trafficker, identified as defendant Javier Carlos Calvillo, who was distributing commercial quantities of methamphetamine within the District of Oregon. On two occasions, investigators utilized a confidential informant to conduct controlled buys of commercial quantities of methamphetamine. During these controlled buys, the confidential informant coordinated with a dispatcher and then defendant delivered the methamphetamine.

During the course of the investigation, investigators obtained federal warrants for prospective and historical geolocation data for a phone number associated with the defendant. In November 2025, Investigators observed defendant's geolocation data traveling to Oregon from California along I-5. On November 13, 2025, investigators pulled defendant over in his rental car near Medford, Oregon, and executed anticipatory federal search warrant for the rental car and defendant's person. Defendant was the driver of the rental car. In the car, investigators found a large black duffel bag filled with 24 large saran-wrapped bundles with what appeared to be blue laundry detergent and suspected methamphetamine inside. Investigators also found a large laundry bag full of four sealed and wrapped brick sized objects with suspected fentanyl with different color wrapping and writing on the outside. The suspected methamphetamine was field tested and returned a positive indication for methamphetamine. The methamphetamine was weighed and found to have a total weight of approximately 25,013 grams before being packaged and sealed as evidence. The suspected fentanyl was not field tested. Investigators also seized $922.00 in cash and a Black iPhone from the defendant.

Robert Hamilton
Re: Calvillo Plea Agreement Letter
Page 3
January 7, 2026

6.     **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.     **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG §§ 1B1.3 and 2D1.1(a) is a Base Offense Level of 32 based upon a combined total of more than 15 kilograms and less than 45 kilograms of methamphetamine and after an adjustment pursuant to USSG §§ 1B1.3 and 2D1.1(a)(6) because the parties agree defendant should receive a Mitigating Role Adjustment.

8.     **"Safety Valve" Adjustment**: If defendant meets the criteria of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, the government will recommend a two-level reduction in offense level pursuant to U.S.S.G. § 2D1.1(b)(18).

9.     **Role Adjustment**: Based upon the defendant's role in the offense, the government believes the defendant qualifies for a three-level role reduction for conduct that can be described as between a minor and a minimal participant, pursuant to U.S.S.G. § 3B1.2. Defendant is free to argue defendant qualifies as a minimal participant and eligible for a four-level reduction, pursuant to U.S.S.G. § 3B1.2.

10.    **"Zero-Point Offender:"** If the defendant does not have any criminal history points and meets all of the other criteria outlined in U.S.S.G. § 4C1.1, "Adjustment for Certain Zero-Point Offenders," defendant's Offense Level should be reduced by two additional levels.

11.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

    **\*\*EARLY RESOLUTION**: If defendant agrees to resolve his case prior to the first trial setting, the government will agree to recommend a three-level downward variance pursuant to 18 U.S.C. § 3553(a).

Robert Hamilton
Re: Calvillo Plea Agreement Letter
Page 4
January 7, 2026

12.    **Sentencing Recommendation**:  If defendant agrees to resolve his case and demonstrates an acceptance of responsibility as described above, the government will recommend, as a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a), the low end of the applicable guideline range.

13.    **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant reserves the right to seek an additional variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.  The basis for the variance shall be limited to or 18 U.S.C. § 3553(a). The parties may each argue for an appropriate term of supervised release.

14.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Robert Hamilton
Re: Calvillo Plea Agreement Letter
Page 5
January 7, 2026

17.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18.    **Forfeiture Terms**:

A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including $922.00 in US Currency and a Black iPhone, which defendant admits constitute the proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) as set forth in Count One of the Indictment.

B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States,

Robert Hamilton
Re: Calvillo Plea Agreement Letter
Page 6
January 7, 2026


and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E.    **Assets Not Identified**:  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F.    **Final Order of Forfeiture**:  Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

19.    **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

20.    **Deadline**:  This plea offer expires if not accepted by February 10, 2025 at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Charlotte Kelley*
CHARLOTTE KELLEY
Assistant United States Attorney

Robert Hamilton
Re: Calvillo Plea Agreement Letter
Page 7
January 7, 2026

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

1/16/2026
Date

Carlos Javier C.
Carlos Javier Calvillo, Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1/16/2026
Date

Robert Hamilton, Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case.  I fully and accurately interpreted discussions between the defendant and the attorney.

1/16/2026
Date

Interpreter (if necessary)