SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**STEVEN S. CHAMBERLIN, TXSB #24095296**
Assistant United States Attorney
steven.chamberlin@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:25-cr-00509-IM |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| CARLOS JAVIER CALVILLO, | |
| Defendant. | |

### Introduction

The government recommends a sentence of 21 months imprisonment.

### BACKGROUND

On October 14, 2025, law enforcement agents worked with a confidential source (CS) to successfully purchase 456.2 grams of methamphetamine for $1,250 and 30.8 grams of fentanyl for $750 from the defendant and a co-conspirator. Again, on November 4, 2025, law enforcement agents completed a second controlled narcotics buy from the defendant and co-

**Government's Sentencing Memorandum**                                         **Page 1**

conspirator. This time the purchase price was $4,000, and law enforcement received 912 grams of methamphetamine and 57.8 grams of fentanyl from the defendant and co-conspirator. On November 11, 2025, law enforcement tracked the defendant leaving Springfield, Oregon to Southern California. The defendant was tracked to Santa Monica and Palm Springs. On November 12, 2025, Oregon State Police (OSP) Troopers observed the defendant driving north bound on Interstate 5 having returned from California near Roseburg, Oregon. OSP Troopers performed a traffic stop on the defendant's vehicle as the defendant was exceeding the speed limit and following another vehicle too closely. OSP Troopers noted four occupants in the vehicle, with the defendant driving, the defendant's brother was seated in the front passenger seat, the defendant's sister and her five-year-old child were both seated in the rear passenger seat.

The defendant provided law enforcement with consent to search the vehicle, and during the search law enforcement located a black duffle bag and a cloth laundry bag directly behind the defendant's sister and her child, in the cargo area of the vehicle. Inside the black duffle bag law enforcement found 24 plastic wrapped bundles which were determined to be 25.013 kilograms of methamphetamine. The methamphetamine was field tested and yielded a presumptive positive result. The cloth laundry bag contained several bricks which were suspected to be 4.579 kilograms of fentanyl. The fentanyl was not field tested. Law enforcement also found $922 in U.S. currency inside the vehicle.

In total, officers recovered about 26.318 kilograms of methamphetamine from the search of defendant's vehicle and the two controlled buys. The defendant was subsequently arrested and charged by indictment for possessing methamphetamine with intent to distribute, in violation

**Government's Sentencing Memorandum**                                    **Page 2**

of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). On January 30, 2026, prior to the first trial setting, the defendant pleaded guilty to the indictment.

## ARGUMENT

A.    **The defendant appears to be eligible for a four-level reduction as a minimal participant via USSG § 3B1.2(a).**

The Government's plea agreement agreed to allow the Defendant to argue for a four-level minimal participant role reduction at sentencing. However, the Defendant bears the burden of proving that he is entitled to the four-level minor role reduction under USSG § 3B1.2(a) or USSG § 2D1.1(e)(2)(B)(i) by a preponderance of evidence, and he has not done so at this time. *See United States v. Howard*, 894 F.2d 1085, 1089-90 (9th Cir. 1990) (Defendant bears the burden of proof where he seeks to lower an offense level at sentencing, the burden is a preponderance of the evidence.). If he satisfies this burden of proof at the time of sentencing, then the Court can apply the four-level reduction.

USSG § 3B1.2 states based on the defendant's role in the offense, decrease the offense level as follows: (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels: (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels. In cases falling between (a) and (b), decrease by 3 levels. *Id*. USSG § 3B1.2 application note 3(C) provides whether to apply subsection (a) or subsection (b), or an intermediate adjustment based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case. In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

**Government's Sentencing Memorandum**                                    **Page 3**

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity. *Id*.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline. *Id*.

As a part of the investigation of the defendant, Law enforcement performed a forensic analysis of the defendant's phone. During the examination of the defendant's phone, law enforcement located messages from the defendant to a co-conspirator that appear to reflect the defendant made two trips to Southern California to obtain controlled substances for this drug trafficking organization. The conversations establish the defendant was responding to the directions of a co-conspirator. The defendant given an address to one location and told to go there, then another, and at one location told to make sure the controlled substances are of a certain quality level and structure.  When returning to Oregon, the co-conspirator directed the defendant where to take drugs and which ones were to be moved where. The conversations

**Government's Sentencing Memorandum**                                              **Page 4**

suggested the defendant was merely acting pursuant to the instructions of a supervisor and given minimal discretion with regards to his role.

While the defendant also participated in the two controlled buys involved in this case, it does appear as though he was given little to no authority. In paragraph 19 of the PSR, when the defendant was asked about the pricing during the sales, the defendant was heard speaking into a phone and being instructed as to what the sales price would be.

The evidence obtained by the Government suggests the defendant's lack of knowledge or understanding of the scope and structure of the enterprise, the lack of decision-making authority, and the degree to which the defendant participated in planning is indicative of a role as a minimal participant.

### GOVERNMENT'S SENTENCING RECOMMENDATION

It's the Government's position that the PSR is correctly scored and would ask the court to adopt its recommendations and findings of fact.  As the evidence suggests the defendant was acting at the direction of others in his capacity as a courier in this drug trafficking organization, he therefore, qualifies for the four-point minimal role reduction pursuant to USSG § 3B1.2(a). Considering the evidence in this case and the plea agreement with the Defense, the defendant's total offense level should be 16, with a Criminal History Category I, and guideline range of 21 to 27 months, thus, the Government respectfully requests the Court impose a sentence of 21 months in the Bureau of Prisons.

### CONCLUSION

To deter the defendant from engaging in future crime, and to protect the community from defendant's illegal activity, the government recommends a sentence of 21 months' imprisonment and a $100 fee assessment.  Such a sentence, followed by a minimum of 5 years of federal

**Government's Sentencing Memorandum**                                                    **Page 5**

supervised release, will provide punishment for the defendant and protect the community, while also satisfying the requirement of 18 U.S.C. § 3553(a), as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

Dated: May 26, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Steven S. Chamberlin*
STEVEN S. CHAMBERLIN
Assistant United States Attorney

**Government's Sentencing Memorandum**                                              **Page 6**